UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN A. BERG,

      Plaintiff,

v.                                                                     Case No:   5:14-cv-79-Oc-TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## ORDER

      Plaintiff John A. Berg brings this action pursuant to the Social Security Act ("Act"), as amended 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI").   Plaintiff argues that the administrative law judge ("ALJ") erred by: (1) failing to consider all of the treatment records; (2) failing to apply the correct legal standards to the opinion of Plaintiff's treating physician; and (3) failing to properly evaluate Plaintiff's allegations of pain and limitations (Doc. 19).   Based upon a review of the administrative record and the pleadings and memoranda submitted by the parties, and for the reasons that follow, the Commissioner's final decision will be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## I. Background

      Plaintiff, a former kitchen/prep worker, dry wall finisher, and floor installer with a high school education, protectively filed an application for SSI on January 6, 2011 (Tr. 33, 182).   His application was denied initially and on reconsideration, and he requested a hearing which was held on August 8, 2012 (Tr. 23, 41-73 82-83).   On October 1, 2012,

the ALJ issued his decision denying Plaintiff's application for benefits (Tr. 23-35).

The ALJ employed the five step sequential evaluation process which appears at 20 C.F.R. § 416.920 to evaluate Plaintiff's claim.[1]   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 25).   At step two, the ALJ concluded that Plaintiff was severely impaired by osteoarthritis of the left ankle, hips, and lumbar spine (Tr. 25-27).   At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.   (Tr. 27).

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with up to occasional balancing and no exposure to unprotected heights or machinery or climbing of ladders, ropes, or scaffolds (Tr. 27-33).   The ALJ determined that Plaintiff was unable to engage in any past relevant work at this RFC (Tr. 33).   However, based on the testimony of a vocational expert, the ALJ concluded that Plaintiff was able to perform jobs existing in significant numbers in the national economy, including as an office worker/office helper, fast food worker, and small products assembler (Tr. 34).   Based on this finding, the ALJ found that Plaintiff was not disabled (Tr. 34).

---

[1] The five steps are summarized as follows:
1. Is the claimant performing substantial gainful activity?
2. Does the claimant have a severe impairment?
3. Does the claimant have a severe impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?
4. Can the claimant perform past relevant work?
5. Based on the claimant's age, education, and work experience, can the claimant perform other work of the sort found in the national economy?

After the ALJ denied benefits, Plaintiff sought review by the Appeals Council (Tr. 17-19).   The Appeals Council denied the request for review (Tr. 1-7), and this appeal followed.

## II. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.   Crawford v. Commissioner, 363 F.3d 1155, 1158 (11th Cir. 2004).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla but less than a preponderance.   It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."   Winschel v. Commissioner, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]"   Id.   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact, but the presumption does not attach to the ALJ's conclusions of law.   Welch v. Bowen, 854 F.2d 436, 438

(11th Cir. 1988) (per curiam).   The Court will reverse a final decision if the ALJ incorrectly

applies the law or fails to provide sufficient reasoning for the Court to determine whether

the ALJ properly applied the law.   Keeton v. Dep't of Health & Human Servs., 21 F.3d

1064, 1066 (11th Cir. 1992).   When it reviews the Commissioner's final decision, the

Court is authorized to "enter ... a judgment affirming, modifying, or reversing the decision

... with or without remanding the cause for a hearing."   42 U.S.C. § 405(g).

## III. Discussion

### A. Dr. Newman's Treatment Notes and Opinions

Plaintiff faults the ALJ for failing to discuss or evaluate treatment notes from his

chiropractor, Dr. Alan Newman, D.C. (Doc. 19 at 9-12).   Dr. Newman treated Plaintiff in

2002 and 2003 after he was injured in a motorcycle accident in December 2001 (Tr. 56,

273-309).   The doctor's medical records contain brief notes for each of Plaintiff's office

visits, as well as objective evidence consisting of range-of-motion studies, strength and

reflex tests, and diagnostic imaging (Tr. 275-76, 281. 291-99, 301-05).

The medical records also contain three separate opinions by Dr. Newman.   On

April 1, 2002, the doctor drafted a letter stating that Plaintiff was "unable to work" and "on

temporary total disability" due to the injuries he suffered in the motorcycle accident, and

that "the duration of time expected off is undetermined at this time while those injuries

heal."   (Tr. 307).   On May 3, 2002, in a report prepared for an attorney, Dr. Newman

stated that Plaintiff "has suffered a permanency as a result of" the motorcycle accident

and that, in the doctor's opinion, Plaintiff "has reached a point of therapeutic improvement

and has suffered a 21% permanent partial impairment to the body."   (Tr. 277-78).   Dr.

Newman recommended that Plaintiff "be revocated [sic] from a constructive employment

position to a sedentary position" and added that "[h]e is not able to return to the

flooring/tiling business."   (Tr. 278).   Finally, in a letter dated March 12, 2004, Dr.

Newman stated that Plaintiff "has suffered numerous injuries that have cause [him] to be

disabled," including "a fracture of the left medical [sic] malleolus[] that ... has healed to the

best it will heal" and an "avulsion fracture with distraction involving the anterosuperior

corner of L5."   (Tr. 280).   Dr. Newman added that the avulsion fracture "is the cause for

[Plaintiff's] pain, discomfort, and limited [capability for] activity."   (Id.).   Dr. Newman

recommended that Plaintiff "consider accepting permanent disability status" because he

did not believe Plaintiff would be released from the temporary disability status he was on

at the time (Id.).

The ALJ failed to discuss Dr. Newman's treatment notes or opinions in his

decision.   Plaintiff argues that this omission makes it "'impossible for a reviewing court to

determine whether the ultimate decision on the merits of the claim is rational and

supported by substantial evidence.'"   (Doc. 19 at 12 (quoting Cowart v. Schweiker, 662

F.2d 731, 735 (11th Cir. 1981))).   The Commissioner makes three arguments in the

ALJ's defense: first, that the records are "of little or no relevance" because they predate

the period for which the ALJ decided the claim (which began on January 6, 2011, the day

Plaintiff filed his claim) by 6-9 years; second, as a chiropractor, Dr. Newman is not an

"acceptable medical source" under the Commissioner's regulations; and third, Dr.

Newman offered an opinion on disability, an issue that is "reserved to the Commissioner"

and on which even a doctor's opinion is not entitled to controlling weight (Doc. 20 at 4–8).

Two of these rationales are not persuasive.   First, the fact that Dr. Newman is a

chiropractor does not alone justify the ALJ's failure to evaluate his opinions or even

mention his treatment records.   Although ALJs are not required by regulation to explain

the weight given to opinions from non-medical sources, they "generally should explain the

weight given to opinions from these [sources], or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ]'s reasoning, when such opinions may have an effect on the outcome of the case."   SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).   As a general rule, statements by a treating chiropractor about the severity of a claimant's functional limitations will have a potential effect on the outcome of the case, so the ALJ should "explain the weight given" to such statements.   In addition, Dr. Newman's records include copies of reports from other facilities, including radiology reports completed by medical doctors which contain medical source statements subject to the requirements of 20 C.F.R. § 416.927 (Tr. 301-05).

Second, Dr. Newman never expressed an opinion on whether Plaintiff was "disabled" as that term is defined under the Act and the implementing regulations. Instead, the doctor's statements strongly suggest he believed Plaintiff was capable of sedentary work (Tr. 278 (recommending that Plaintiff work in "a sedentary position")).

The Commissioner's third argument is persuasive.   Dr. Newman's treatment notes and opinions predate Plaintiff's application date by more than six years.   That does not mean that the evidence is irrelevant.   As I explained in another recent case, opinions regarding a claimant's condition are probative of the claimant's condition not just on the day that the claimant was observed and the opinion recorded, but often before and after that date as well.   Renwick v. Commissioner, Case No. 6:13cv1921-Orl-TBS, Final Order Affirming Commissioner's Decision at 4-6 (Feb. 9, 2015).

But, Dr. Newman's opinions from 2002-2004 have at most minimal value as evidence of Plaintiff's condition in 2011.   Plaintiff does not dispute this.   Instead, he suggests that the evidence is "highly relevant" because it post-dated his alleged onset

date of December 12, 2000[2] (Doc. 19 at 10).   The ALJ did not address whether Plaintiff was disabled prior to January 6, 2011; nor was he required to do so.   Although Plaintiff alleged disability beginning in December 2000, he did not file his application for SSI benefits until January, 2011 (Tr. 82, 143).   A claimant cannot receive SSI benefits for any period prior to the month in which he files his application.   See 20 C.F.R. § 416.501. Therefore, it would have been a pointless exercise for the ALJ to consider whether Plaintiff was disabled before January 2011.

B. Dr. Munroe's Opinion

In evaluating a claimant's RFC, the ALJ must weigh the opinions and findings of treating, examining, and non-examining physicians.   The ALJ must consider all relevant factors in determining the weight to afford a medical source's opinion, including the nature and duration of the relationship between the provider and the patient, any evidence the source presents in support of the opinion, the opinion's consistency with the record, and the provider's specialty.   28 C.F.R. § 416.927(c).   An "opinion" is any statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical or mental restrictions.   Winschel, 631 F.3d 1176, 1178-79 (11th Cir. 2011); 20 C.F.R. § 416.927(a)(2).   When confronted with a physician's opinion, the ALJ must state with particularity the weight given to the opinion and the reasons therefor.   Id. (citing 20 CFR. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)).   A statement by the ALJ is necessary to enable reviewing courts "to determine whether the ultimate decision on the merits of the

---

[2] Plaintiff's motorcycle accident was on December 12, 2001 so this date is likely in error (Tr. 274).

claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1178-79 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

Medical opinions of treating physicians are afforded special weight. Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). This is because treating physicians are more likely "to provide a detailed longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). A treating physician's opinion "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists to discount a treating physician's opinion when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, the opinion is conclusory, or the opinion is inconsistent with the treating physician's medical records. Johnson v. Barnhart, 138 Fed. Appx. 266, 269 (11th Cir. 2005). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record," the ALJ must give the opinion controlling weight. 20 C.F.R. § 416.927(c)(2). If the ALJ gives less than substantial weight to a treating physician's opinion without clearly articulating why, the court ordinarily must reverse. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

On August 9, 2011, Plaintiff's primary care physician Dr. Courtland Munroe, M.D., wrote a letter addressed "to whom it may concern" which reads, in full:

> Mr. Berg is permanently and totally disabled due to his
> medical conditions which include:

Stroke–left internal capsule, short term memory loss

Seizure Disorder secondary to stroke

Microvascular 6th Cranial Nerve Palsy on the right

Osteoarthritis in dorsal & lumbar spine, hips and left foot.   Multiple fractures sustained in motorcycle accident Dec 2000.

Possible thyroid cancer–needs thyroid removed

If you require any further information please to not hesitate to contact me.

(Tr. 478-79).

The ALJ included the following discussion of Dr. Munroe's letter in his decision:

However, these opinions are not accorded controlling weight because they do not include a statement of the claimant's functional capacities.   In addition, opinions on the issues of whether the claimant is "disabled" or "unable to work" are reserved to the Commissioner because they are administrative findings that are dispositive of a case (20 CFR 416.927(e), and SSR 96-5p).

Dr Munroe continued regular conservative care for the claimant's conditions.   On November 1, 2011, the claimant reported having no more 'blank spells' since taking Neurontin. On March 22, 2012, Dr. Munroe noted the claimant's chronic left hip and left knee pain were greatly exacerbated by his moving and lifting three weeks before (Exhibit 15F/12).

(Tr. 32).

The ALJ's discussion of Dr. Munroe's opinion is deficient because he failed to articulate the weight he actually gave to Dr. Munroe's opinion.   Even though Dr. Munroe's opinion was on an issue reserved to the Commissioner, the ALJ is still required to explain how that opinion was weighed.   James v. Astrue, No. 3:11-cv-226-J-TEM, 2012 WL 831524, at *7 (M.D. Fla. Mar. 12, 2012); SSR 96-5p, 1996 WL 374183, at *6 (July 2, 1996).   His failure to do so was error.   But, the Court finds that the error was

harmless.   Dr. Munroe's opinion is wholly conclusory and addresses an issue reserved to the Commissioner.   The opinion also conflicts with the reports of the consulting examiners who, unlike Dr. Munroe, explained the bases for their opinions (Tr. 26, 30-31, 402-11).   The ALJ credited those opinions in his analysis, even though he did not explicitly identify the weight given to them either (31-33).   The ALJ also noted that Dr. Munroe's treatment of Plaintiff was conservative.   And, it is evident that the ALJ did not overlook or ignore Dr. Munroe's opinion, but considered and rejected it.   Under these circumstances, the ALJ's failure to expressly state his rejection of Dr. Munroe's conclusory opinion is harmless error.   See, e.g., Tillman v. Commissioner, 559 Fed. Appx. 975, 975-76 (11th Cir. 2014); Rice v. Colvin, No. 6:14-cv-64-Orl-DAB, 2015 WL 758086, at *4 (M.D. Fla. Feb. 23, 2015); see also Lately v. Colvin, 560 Fed. Appx. 751, 754 (10th Cir. 2014); Carway v. Astrue, No. 06 Civ. 13090, 2010 WL 6121686, at *11 (S.D.N.Y. Aug. 17, 2010).

### C. Plaintiff's Credibility

Plaintiff's final argument is that the ALJ's credibility finding is inadequate because the ALJ did not properly weigh the opinions of Dr. Munroe and Dr. Newman (Doc. 19 at 15-17).   Because I have rejected Plaintiff's arguments regarding Dr. Munroe and Dr. Newman's opinions, I find no reversible error in the ALJ's credibility assessment.

### IV. Conclusion

The Court finds that the Commissioner's final decision is supported by substantial evidence and is therefore **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment, close the file, and terminate all pending motions.

**DONE** and **ORDERED** in Orlando, Florida on March 17, 2015.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to Counsel of Record